NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

MARSHALL EDWARD LEEDS, *Appellant*.

No. 1 CA-CR 14-0709
FILED 9-10-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-450698-001
The Honorable Jerry Bernstein, Commissioner

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Marshall Edward Leeds, Kingman
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

**N O R R I S,** Judge:

¶1 Marshall Edward Leeds timely appeals from his conviction and sentence for one count of misconduct involving weapons, a class 4 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Leeds' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Leeds to file a supplemental brief *in propria persona*, and Leeds did so. We reject the arguments raised in Leeds' supplemental brief and, after reviewing the entire record, find no fundamental error. Therefore, we affirm Leeds' conviction and sentence as corrected.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2 On October 18, 2013, D.P., Leeds' probation officer, joined by other officers, visited Leeds' home and conducted a "probation search" for a weapon. After answering the door, Leeds was handcuffed and then asked for the weapon. Leeds initially said his father's guns were in storage, but eventually admitted the gun was on a table in the bedroom. After a quick search, the officers located the gun in the bedroom. Officers arrested Leeds, and, subsequently, at the police station, read Leeds his *Miranda* rights. Leeds admitted to carrying the gun while walking the family dog around the neighborhood because he was worried about his safety. He also acknowledged he knew carrying a gun was illegal.

¶3 Based on the foregoing evidence, a jury found Leeds guilty of one count of misconduct involving weapons. Leeds admitted to being on probation at the time of the offense. At the combined "priors trial" and sentencing hearing, the court found Leeds had committed two historical

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Leeds. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

priors.  The court sentenced Leeds to a presumptive term of ten years as a category three repetitive offender and awarded Leeds 329 days of presentence incarceration credit.

## DISCUSSION

I.     Supplemental Brief

**¶4**          As we construe his supplemental brief, Leeds first argues the superior court improperly denied his motion to suppress the gun.  We review this issue for clear and manifest error.  *State v. Walker*, 215 Ariz. 91, 94, ¶ 16, 158 P.3d 220, 223 (App. 2007).

**¶5**          Although the Fourth Amendment protects against unreasonable searches and seizures, reasonable suspicion justifies a warrantless search of probationers.  *State v. Adair*, 1 CA-CR 14-0115, slip op. at *1 , ¶ 1 (Ariz. App. Sep. 3, 2015) (search of probationer's home valid when reasonable under the totality of the circumstances);  *see also U.S. v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 591, 151 L. Ed. 2d 497 (2001) (reasonable suspicion sufficient under Fourth Amendment for search of probationer); *Samson v. California*, 547 U.S. 843, 846, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006) (under the totality of the circumstances, reasonable suspicion justifies searching a parolee).  D.P. testified at the suppression hearing that Leeds' counselor had told him Leeds was carrying a gun because he was worried about being attacked in his neighborhood.  The counselor also told D.P. that Leeds' behavior was "increasingly paranoid and he was having some delusions."  This information provided D.P. with reasonable suspicion to perform the probation search for a gun.

**¶6**          Leeds next argues the officers violated his *Miranda* rights when they questioned him about the gun while he was in handcuffs, but before his arrest.  Leeds did not raise a *Miranda* argument in the superior court, and thus we review for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 564-65, ¶ 8, 115 P.3d 601, 604-05 (2005).

**¶7**          Under the "public safety exception" to the *Miranda* rule, the officers did not need to read Leeds his *Miranda* rights before asking him about the gun.  When officers ask questions that are objectively "necessary to secure their own safety or the safety of the public," the officers need not first give *Miranda* warnings.  *New York v. Quarles*, 467 U.S. 649, 659, 104 S. Ct. 2626, 2633, 81 L. Ed. 2d 550 (1984); *see also State v. Leteve*, No. CR-12-0535, 2015 WL 4747709, at *2, ¶ 9 (Ariz. Aug. 12, 2015).  Here, the State presented evidence at the suppression hearing that Leeds had a gun and was paranoid and delusional, *see supra* ¶ 5, which created a reasonable need for the officers

to protect their safety. Thus, the court was not required to suppress Leeds' pre-*Miranda* statements.

**¶8**   Finally, Leeds argues the State failed to present sufficient evidence to support his conviction because it neither tested the gun for DNA or fingerprints nor did it present any witnesses who testified to seeing him with a gun. We review this issue de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).

**¶9**   Although the State did not test the gun for DNA or fingerprints and did not present any witnesses who testified to seeing Leeds with a gun, it was under no obligation to do so. *See State v. Torres*, 162 Ariz. 70, 76, 781 P.2d 47, 53 (1989) ("Police generally have no duty to seek out and obtain potentially exculpatory evidence.") (citation omitted); *see also State v. Kuhs*, 223 Ariz. 376, 382, ¶ 24, 224 P.3d 192, 198 (2010) (appellate court reviews sufficiency of the evidence by determining whether jury's findings are supported by substantial evidence; that is, evidence that is adequate to support a reasonable person's conclusion of defendant's guilt beyond a reasonable doubt); *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003) (substantial evidence may be direct or circumstantial; denial of Rule 20 motion reviewed for abuse of discretion). Based on our review of the record, the State presented sufficient evidence supporting Leeds' conviction, *see supra* ¶ 2, and it was not obligated to present further evidence.

II.  Anders Review

**¶10**   We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Leeds received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

**¶11**   The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Leeds' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report; Leeds was given an opportunity to speak at sentencing and did so; and his sentence was within the range of acceptable sentences for his offense.

**¶12**   Although the superior court imposed a sentence within the permissible range for a repetitive offender with two historical prior convictions, the sentencing minute entry fails to describe Leeds' historical convictions. Thus, we correct the sentencing minute entry to add the

following after "THE COURT FINDS that the Defendant has two prior convictions":

> Solicitation of Possession of Narcotic Drugs, a class 6 Felony committed on August 14, 2009, and convicted on September 30, 2010, in Maricopa County Superior Court cause number CR2009-154104-001; and

> Possession of Drug Paraphernalia, a class 6 Felony committed on August 2, 2012, and convicted on March 22, 2013, in Maricopa County Superior Court cause number CR2012-153454-001.

¶13 The sentencing minute entry also mistakenly refers to Leeds' current offense as "Non Dangerous - Non Repetitive" and cites A.R.S. § 13-702 (West 2015), a statute that only applies to first-time offenders.[2] At the sentencing hearing, however, the court properly found Leeds was a category three repetitive offender. Thus, we correct the sentencing minute entry to reflect that Leeds' current offense was "Non Dangerous - Repetitive," replace A.R.S. § 13-702 with A.R.S. § 13-703 (West 2015), which applies to repetitive offenders, and change "Class 4 FELONY" to "Class 4 FELONY, with 2 prior felony convictions."

**CONCLUSION**

¶14 We decline to order briefing and affirm Leeds' conviction and sentence as corrected.

¶15 After the filing of this decision, defense counsel's obligations pertaining to Leeds' representation in this appeal have ended. Defense counsel need do no more than inform Leeds of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶16 Leeds has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own

---

[2]Although the Arizona Legislature has amended certain statutes cited in this decision after the date of Leeds' offense, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

motion, we also grant Leeds 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama